1  Gregory M. Haynes
   2443 Fillmore, 194
2  San Francisco, ca  94115
   415 424-0283

3
   Plaitniff in Pro Per
4

**FILED**

**OCT 0 6 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

5

6

7
                    United States District Court for the
8
                       Northern District of California
9

10

11                       **C V 2 5 - 8 6 4 1**

12  Gregory M. Haynes, Plaintiff
                              complaint for injunctive relief and
                              moneydamages and punitive damages
13  v.

       State Bar of California, a public entity;          **LJC**
14  Po Wang, individually   and in her official
    capacity as a Judge in the Hearing
15  Department of   the State Bar Court
    of the State Bar of California; Whitney Geitz,
16  individually and in her official capacity,
    as a Deputy Trial Counsel with  Office of the
    Chief Trial Counsel of the State Bar of California;
17  Drew Massey, individually and in his official
    capacity, as a Supervising Attorney with
18  Office of the Chief Trial Counsel of the State
    Bar of California;  Peter A. Klivans, individually
19  and in his  official capacity, as a Trial Counsel
    with Office of the Chief Trial Counsel of the
20  State Bar of California; George S. Cardona,
    individually and in his  official capacity, as
    the Chief Trial Counsel with the  Office of the
21  Chief Trial Counsel of the State Bar of
    California, Mark Lipian,  individually and
22  doing business as  Mark Lipian, M.D, Leah T. Wilson,
    individually   and  as executive director of the State Bar of
23  California,   Ruben Duran, individually  and as
    chair of the State Bar of California Board of
24  Trustees and does 1 to 20

25

                                  1

. I

Parties

Defendant Judge Po Wang, is sued  individually and in her official capacity and  at all times herein mentioned   a   judge in the Hearing Department of the State Bar Court   of the State Bar of California

Defendant Whitney Geitz, is sued individually and in her official capacity and  at all time herein mention is a Deputy Trial Counsel with Office of the Chief Trial Counsel of the State Bar of California

Defendant Drew Massey is   individually and in his  official capacity, at all times herein mentioned is a Supervising  Attorney  with Office of the Chief Trial Counsel of the State Bar of California

Defendant Peter A. Klivans is sued  individually and in his  official capacity, at all times herein mentioned is a Trial Counsel  with Office of the Chief Trial Counsel of the State Bar of California

George S. Cardona is sued  individually and in his  official capacity, at all times herein mentioned is the Chief Trial Counsel with the    Office of the Chief Trial Counsel of the State Bar of California

Defendant Mark Lipian is sued   indivisually and doing business as  Mark Lipian, M.D., is a psychitrst whose business includes providing  consulting and expert witnesses services.

Defendant Leah T. Wilson is sued   individually   and  as executive director of the State Bar of

California,

Defendant  Ruben Duran is sued  individually and as chair of the State Bar of California Board of Trustees

1  Defendant Dennis Hererra is sued individually and in his capacity as the City Attorney for the

2  City and County of San Francisco

3  Defendant Joanne Hoepper is sued individually and in her capacity Chief Trial Deputy for City

4  Attorney for the City and County of San Francisco

5  Defendant Scott Weiner is sued individually and in her capacity as a deputy City Attorney for the City and

6  County of San Francisco

7  Defendant Daniel Zaheer is sued individually and in her capacity as a deputy City Attorney for the City

8  and County of San Francisco

9  Defendant City and County of San Francisco is sued as a public entity

10

11  Defendant David H. Fry is sued individually as doing business as a partner at

12  Munger, Tolles & Olson LLP

13  Defendant Munger, Tolles & Olson LLP is sued as a business

14  Defendant Forrest Hainline is sued individually as doing business as a

15  partner at Goodwin Procter LLP

16  Defendant Goodwin Procter LLP is sued as a business

17

18  Plaintiff Gregory M. Haynes at all times herein mention is an attorney

19  licensed by the State Bar of California

20  Each of the defendant were acting as agents for the other defendants.

21                                    II

22      This case addresses  two orders.  In the first order,  the defendant

23  State Bar of California obtain a Supreme Court order of discipline for

24  attorney Haynes on Dec 9, 2020, Supreme Court order in Case No. S26286.   The

25  state bar court no. is **State Bar Case No. 16-J-17208.**

1    In the second order, case no SBC-22-TT-30865, the defendant State Bar of California obtain

2    a Dec 28, 2022 order transferring plaintiff Gregory M. Haynes ( Haynes) to inactive due to a

3    mental illness or infirmity that prevent Haynes from practicing law completely or without risk of

4    harm to the public under State Bar Rules of Procedure, Rule 5.196

5

6                                        I

7    The first is the  Dec 9, 2020 order imposing discipline on  Plaintiff

8    Gregory M. Haynes ( Haynes).    Haynes seeks injunction relief and damages

9    under both state and federal anti-trust laws.  Defendant  Dennis Hererra,

10   Defendant Joanne Hoepper,     Defendant Scott Weiner,   Defendant Daniel Zaheer  and Defendant

11   City and County of San Francisco (City Defendants) : Defendant David H.  Fry, Defendant

12   Munger, Tolles & Olson LLP,    Defendant Forrest Hainline, Defendant Goodwin

13   Procter LLP  ( Federal Defendants) all engaged in anti- competitive   conduct

14   alone with defendant State Bar of California

15

16        Due to defendant  State Bar of California's failure to actively

17   supervise the State Bar officials, Haynes was prosecuted under Business and

18   Profession Code 6049.1 and discipline was imposed on Dec 9, 2020.  The

19   failure to supervise included allowing the OCTC to prosecutor persons

20   arbitrarily and unfairly where the defendant State Bar of California

21   prosecuted Haynes   arbitrarily  where the officials deciding  the case had a

22   conflict of interest which resulted in the Dec 9, 2020 discipline being

23   imposed and based  on misconduct of the State Bar officials  under Business

24   and Profession Code 6007(b)(3)

25                                        A

                                          4

1    　　　The defendant State Bar  has admitted to facts which show a failure

2    to actively supervisor its officials.  The State Bar has allowed officials to

3    decide cases where they had a conflict.  This lead to, for example, officials

4    deciding cases based on their conflicted interest as oppose to the public

5    interest.  The State Bar, for example, has admitted that its official had

6    ruled on matters before one attorney for over 40 years where the officials

7    had conflicts with the attorney as they received gifts and money from him and

8    thereby overlooked his misconduct and avoided charging him with misconduct.

9    In addition, it has admitted that for 10 years it had prosecuted black

10   attorneys at a rate of 3 times that of white attorneys, where black attorneys

11   were prosecuted at less than 1 percent of the population of white attorneys

12   while African-American  attorneys were prosecuted at 3 percent of African-

13   American  attorneys;  and then to correct the arbitrary prosecution it

14   prosecuted white attorney in 2022 at a rate of much higher—from less than one

15   percent  of white attorneys to 64 percent of white attorney—while keeping the

16   rate of black attorneys at 3 percent.

17   　　　　　　　　　　　　　　　　　　　B

18   　　　The longstanding misconduct in the State Bar Court resulted in

19   limitation of choice for consumers and harm to the public.  As a result the

20   state bar's failure to actively supervise its officials, for example,

21   attorney Girardi was allowed to prey upon the public for over 40 years resulting

22   in clients be embezzled out of hundreds of millions of dollars, where in a 10

23   year period of time he was convicted of embezzling $16,000,000.00 millions of

24   dollars from clients.

25

1

2                                         C

3                            State Bar Investigation

4

5     The State Bar of California investigated the conduct related to Girardi and found facts
6   that show that the State Bar failed to properly supervise its staff.  The
    investigation was in 2021 and 2022.

7     The facts indicated that the State Bar official participated with the attorney
8   in order to have the attorney avoid prosecution over a 40 year period of time,
    where the official received money and gifts and caused harm to the public
9

       Senator Thomas J. Umberg (D-Santa Ana), Chair of the California Legislature's Senate
10   Judiciary Committee had indicated in March of 2023 that he was outraged regarding the
     deficits in the shortcoming of the defendant State Bar and had indicated that he might
11   severely reduce the funding of the defendant State Bar. He and other member of legislature
     also express support for this position. Further, the outrage and general threats as to funding
12   occurred upon the release of the reports of the deficits since 2021.

13     The same lack of active supervision allowed State Bar official to join  with
     other attorneys in order to unreasonably and unlawfully prosecute attorneys
14   improperly.

15     Here the City defendants and the Federal defendants also sought to
16   unreasonably limit and constrain Haynes' ability to practice law.  Further they
     participated in, joined, encouraged, work with State Bar officials in order to
17   have Haynes prosecuted both in original proceedings and under the reciprocal
18   in the State Bar Court.

19     Attempts at the original proceedings  in the State Bar Court occurred as
     early as  2010 by the city defendants.  The purpose was to limit attorney
20   advocacy for persons whose civil rights were violated by employees of the
     City and County of San Francisco.   The tactics included vilifying,  demonizing
21   and polarizing opposing attorneys, bribing judges to violate the rights of civil
     rights plaintiffs and their  attorneys, providing false  testimony against
22   attorneys, used of the city's police department to harass plaintiff's attorney,
23   filing complaints with the federal and state disciplinary  bodies and
     encouraging prosecution for disciplinary matters under the reciprocal statutes.
24

25     The federal defendants engaged in unreasonable prosecution of attorneys
     and of Haynes particularly including using unethical tactics and false

                                        6

represents in federal disciplinary matters and encouraging the reciprocal discipline of those matter in the State Bar Court as well as encouraging, threating others to file unreasonable claims against Haynes , and encouraging the reciprocal discipline of their matters by the State Bar of California.

As a result the State Bar of California unreasonably prosecuted reciprocal discipline based on the misconduct and engagement of the City and Federal Defendants.  Haynes was prosecuted for discipline in the State Bar of California from 2016 which lead to a discipline order dated Dec 9, 2020.

The State Bar opened an investigation regarding its misconduct in 2021 and 2022 and thereby tolled the state statute , including equable tolling under federal anti-trust law, by one year to file this matter from the defendant State Bar of California obtaining discipline against Haynes in an order dated Dec 9, 2020.

## II

The second order is a Dec 28, 2022 order from the Hearing Department of the State Bar Court transferring Haynes to inactive due to a mental illness or infirmity the prevents him from practicing law competently or without risk of harm to the public.  The order was appealed to the Review Department of the State Bar Court where the appeal was denied on 9-1-23 and the motion for reconsideration was denied on 10-6-23.

Haynes also filed a complaint with the state civil rights agency which reviewed the matter until Oct 2024, thereby tolling the time to file under state law ( California Civil Code 51)

The proceeding to obtain the Dec 28, 2022 order were initiated on August 24, 2022.  The proceedings where initiated in part due to the public information regarding the state bar's failure to actively supervise its staff as indicated in the Girardi case, including threats by members of the California State Legislature to end or take actions that would limit its funding.

In a California Rules of Court, Rule 9.20 disciplinary proceeding which was filed Nov 18, 2021 Haynes alleged that the defendant State Bar of California had engaged in misconduct in obtaining the Dec 9, 2020 order of discipline, which required the Rule 9.20 compliance.  Due to the misconduct of the defendant State Bar of California, Haynes sought mitigation in the event

that the State Bar Court judge in that matter found that Haynes had not complied or substantially complied with the requirement under Rule 9.20

The matter was set for trial in March 25, 2022. Haynes sought a continuance in the trial, in part, so that he could obtain medical treatment for headaches secondary to a Dec 8, 2019 concussion. Shortly prior to March 20,2022 Haynes was informed that a March 2, 2022 neuropsychological evaluation showed that Haynes had a "mild neurocognitive disorder at this time" secondary to headaches.

The defendant Judge Pho Wang abated the matter and required that Haynes provide a medical update. In addition, Haynes had indicated that the medical condition may have also played a part in compliance with the Rule 9.20 notices.

Haynes provided an update of the treatment, including a March 2, 2022 neuropsychological evaluation by Dr. Brie and a July 28, 2022 limited neuropsychological assessment by Dr. Azulay.

Haynes had listed the possible witnesses for the March 25, 2022 trial, including city defendants and federal defendants, the defendant State Bar Office of the Chief trial counsel in the Dec 2020 order and state bar court judges. These witnesses addressed the misconduct in the district court and in the reciprocal state bar discipline matter.

In seeking to locate the address of the witnesses, Haynes discovered that the State Bar judge, the Hon Pat McElroy, who had participated in the reciprocal proceedings had received money from the judge who had presided over the district court proceedings. Judge McElroy had recused herself from the proceedings, after she ruled on several motions. In recusing herself she stated she was friends with the district court presiding judge but failed to disclose that she had a financial interest in the case as the district court judge was a regular contributor to the state bar judge's non-profit for years and the state bar judge had retired and was now the executive director of the non-profit. Haynes had planned to serve her at the non-profit as she no longer worked with the defendant State Bar of California

Further, the condition Haynes had caused fatigue and reduced stamina secondary to the headaches, where his thinking was unaffected and had no mental illness. Thus, since Haynes had been suffering from fatigue due to severe headaches since Dec 2019, Haynes sought the treatment for headaches at the Hyde Street Clinic as recommended by Dr. Brie.

1    The headaches resolved after one or two sessions of physical therapy in May 2022. However, Haynes then obtain in June 2022  cognitive rehabilitation at the clinic which focused on retaining and advise on avoidance of fatigue, such as taking deliberate breaks.  In June 2022 Haynes contracted covid-19 and had severe covid-19 headaches.  Further, the clinic closed for approximately a week due to a covid-19 outbreak.

    Haynes assumed that the severe headaches he experienced in June 2022 was due to the return of the concussion headaches.  He also reported to the San Francisco General Hospital for severe headaches which were worse than the concussion headaches.  However, no covid-19 testing was done because the symptoms were similar to the concussion headaches.

    At the clinic, Haynes was advised that he had covid-19 headaches and that the headaches were not a return of the concussion headaches.  He continued to have the covid-19 headaches on July 28, 2022 where limited testing showed cognitive fatigue and lack of concentration due to fatigue which caused cognitive  impairment on testing: he answered questions, for example,  slower due to fatigue.

    At a medical appointment on August 24, 2022 with Haynes primary doctor, he advised his doctor that  the headaches—including covid-19—had resolved.

    Haynes no longer had fatigue and on limited testing on Oct 24, 2022, Dr. Azulay determined that Haynes had no longer had cognitive fatigue and the cognitive testing showed positive improvement from the March 2, 2022 testing with Dr. Brie.  Further, Dr. Brie had recommended re-evaluation if Haynes cognitive symptoms—fatiute and lack of concentration due to headaches—did not improve.  Haynes did not return for a re-evaluation with Dr. Brie because the symptoms had resolved as she had anticipated.

    At a status conference in the Rule 9.20 matter on August 8, 2022, Haynes requested that the abatement be continued, as there was set back in the treatment as Haynes contracted covid-19.  Judge Wang continue the matter to Sep 2022. At the conference on August 8, 2022, Haynes noted he could proceed with the trial but would like attention time.  In addition, the July 28, 2022 limited assessment noted that Haynes continued to suffer from fatigue and some accommodation would be appropriate as necessary, such a taking breaks.

9

While the financial conflict of Judge McElroy regarding the district court was apparent, as she had had other such conflict in other cases which Haynes was aware of prior to when he discovered the conflict with the district court in approximately late February.  Haynes was not aware of the 2021 and 2022 reports.

The August 24, 2022 motion for an issuance of the Notice to Show Cause defendant Geitz, was motivated by the concern the defendant Gietz and the defendant State Bar of California, including the defendant Office of the Chief Trial Counsel, had about further exposure of the corruption in the defendant State Bar.

It was also motivated by the desire to retaliate against Haynes for seeking mitigation due to medical condition of Haynes in the Rule 9.20 disciplinary proceedings.

It is also noted that defendant Scott Weiner was in 2022 a member of the Senate of the California.

Accordingly, to prevent additional information of the deficits  and misconduct of the State Bar from being disclosed, which would further hinder the defendant State Bar from obtaining funding, August 24, 2022 motion was filed.

Due to defendant Geitz and the defendant State Bar knowing that Haynes did not have a medical condition that would cause him to be unable to practice law competently or without risk to the public, defendant Geitz knowing made fasle statements in the August 24, 2022 motion.  These statements included but were not limited to that Haynes was sending information to her in the Rule 9.20 matter which were irrelevant to the Rule 9.20 disciplinary matter and that he was filing documents late.   She alleged that this was or may be caused by the medical condition.  For example she claimed that the information regarding  the district court discipline matter appeared to be unrelated to the Rule 9.20 matter because it dealt with notices.  Thus she simply failed to mention that it was related to mitigation.

Moreover, while this issue was discussed in emails and in conferences with Judge Saab, she took advance that Judge Wang did not know that.

In addition, she knew that Haynes might not and would not be allowed to respond to the motion as it was administrative in nature where no response or hearing is allowed unless ordered by the court.  Further, she knew that if the

10

1  motion was granted, Haynes would not be allowed to represent himself but
2  would be appointed.

3    Further, in the motion she sought an order requiring Haynes to sumit to
   mental examination.  She did not indicate what type of examination or who
4  would provide it.  Defendant Lipian, a psychiatric, was planned to perform the
   examination where defendant Gietz and defendant Lipian planned to prepare
5  a false and misleading examine by obtaining information that it would
6  misrepresent.

7    Defendant Judge Wang granted the motion without a hearing when she
   found probable cause.  However, there was no probable cause and a review
8  of the motion would so identify.  Further, it there was any question, a
9  response should have been ordered or a hearing had in the motion.

10   As a result, the Notice to Show Cause was issued. And appointed
   counsel was appointed who provided ineffective assistance of counsel
11 thereafter.

12   The court denied the motion for an examination on 10-4-222, set a
   hearing to show cause on 10-3-22 for December 2022.
13

14   Further, the appointed counsel did not oppose defendant Geitz motion to
   appear remotely.  And in addition, the court subsequently advised appointed
15 counsel that she would grant such a motion for her, where the court knew that
   Haynes objected.
16

17   In addition, the court denied Haynes motion to terminate appointed
   counsel and allow Haynes to represent himself and a continuance of the
18 settlement conference which she stated had to be completed by Nov 4, 2022
   and a continuance of the trial and pre-trial dates.
19

20   At the hearing on the matter, defendant Geitz and defendant Lipian
   presented false and misleading information.  This included that 1) Haynes had
21 no improvement in testing on July 28, 2022 where he had no headaches, 2)
   he was not the Oct 24, 2022 testing which showed improvement in testing
22 and 3) that he did not say in a Nov 17, 2022 declaration that he lacked
   sufficient information to form an attorney, that he meant to say that in a perfect
23 analysis he needed the additional information and finally that he did so state
24 but that he meant to state that he had sufficient information.

        AWARE of              afenion
25

11

Further, defendant Geitz knew this testimony was false and planned for him to provide such false testimony, including on Dec 6, 2022

In addition, she supported such false testimony by making false and misleading statements to the court. In addition, in support of this she made false representations of the law, including that communications between the disclosed expert and the retaining attorney were protected by work product and that she did not direct him how to testify.

Defendant Geitz also provided him misleading information to use, with his knowledge, in order to testimony that Haynes pleadings from Jan 2022 to Oct 2022 showed symptoms of a thought disorder.

Based on his planned misrepresentation of the information he formed an opinion that Haynes had a psychiatric disorder with symptoms of a thought disorder and that Haynes was therefore not competent to practice law or without risk of harm to the public.

Defenant Lipian did not hear the testimony of the witnesses and did not interview Haynes.

The court misunderstood the testimony and all the documents she reviewed. Contrary to the evidence she ruled that 1) Haynes did not have *10-24-22* headaches on July 28, 2022, 2) that he had no improvement on ~~July 28, 2022~~ from March 2, 2022 except for rote recall and 3) the documents she reviewed showed substantial cognitive deficits.

Further, she relied on a unqualified expert to determine Haynes condition and whether any accomodations would be able to overcome the shortcoming. In addition, she did not determine whether Haynes had a mild neurocognitive disorder as his ~~quailed~~ treating doctors testified or a severe neuropsychitric disorder with symptoms of a thought disorder as defendant Lipian testified. However, she relied on defendant Lipian opinion.

She also ruled that communications between the retainging attoney and the disclosed expert were work product.

As a result, she ruled that had a mental illness or infirmity that prevented him from practicing law competently or without risk of harm to the public.

On appeal, the Review Department of the State Bar Court denied Haynes the right to represent himself and struck his petition for interlocutory



12

1  review.  Appointed counsel filed a motion to withdrew without notice to
2  Haynes which the court granted

3     The Review Department of the State Bar Court then appointed new
   counsel who withdraw and then appointed another counsel who lacked the
4  time to review the case and did not review the record.

5     The Review Department of the State Bar Court denied the appeal on 9-1-
6  23 and denied reconsideration on 10-6-23.  Appointed counsel then failed to
   file a petition for review in the Supreme Court of California.  He also cited
7  incorrect times to file the appeal and an incorrect basis for  review.

8  Defenant Drew Massey  participated in the misconduct from the August 24,

9  2022 and prior, on December 14, 2022 and on other dates.      Defendant  Peter

10  A. Klivans participated in the misconduct while the matter was on appeal.

11                                        i

12  George S. Cardona,  individually and in his  official capacity, at all times

13  herein mentioned is the Chief Trial Counsel with the      Office of the Chief

14  Trial Counsel of the State Bar of California, Defendant Leah T. Wilson

15  individually    and  as executive director of the State Bar of

16  California,   Defendant Ruben Duran  individually and as chair of the State Bar of California

17  Board of Trustees all participated in the misconduct, failed to supervise or train the defendant State Bar

18  employees

19                          First Cause of Action

20     Defendants George S. Cardona,  individually and in his  official

21  capacity, at all times herein mentioned is the Chief Trial Counsel with the

22  Office of the Chief Trial Counsel of the State Bar of California, Defendant

23  Leah T. Wilson   individually   and  as executive director of the State Bar

24  of

25  California,   Defendant Ruben Duran   individually and as chair of the State Bar of California

                                      13

1 | Board of Trustees all participated in the misconduct, failed to supervise or train the defendant State Bar

2 | employees.  They thereby violated Haynes rights under the U.S. Constitution, ADA, and Section 1983

3 | and under State Law regarding disability Dec 28, 2022 order.

4 | Haynes suffered damages and is entitled to punitive damages from the defendants in their individual

5 | capacities

6 | Second Cause of Action

7 | Defendant Wang in her personally capacity violated U.S. Constitution,  and Section 1983 and    in

8 | her  9-9-22 order.

9 | Haynes suffered damages and is entitled to punitive damages from the defendants in their

10 | individual capacities

11 |

12 | Third Cause of Action

13 | Defenant  Drew  Massey  Defendant    Peter  A.  Klivans      defendant  Geitz    and

14 | defendant  Lapian  violated  U.S. Constitution, ADA, under  Section  1983     in their personal

15 | capacity. Haynes is entitled to  damages  related to disability  proceedings

16 | Fourth  Cause of Action

17 | Defendant State Bar of California   violated U.S. Constitution, ADA, and Section 1983  and under

18 | State Law related to the disability  proceedings.     Haynes is entitled to damages under ADA and  Civil

19 | Code 51.

20 | In addition, defendant Lipian is liable under Civil Code 51 and worked jointly with defendant State

21 | Bar of California.

22 | Haynes is entitled to damages under ADA and  Civil Code 51 as to defendant State Bar of California

23 | and  from defendant Lipian under    Civil Code 51and defendant State Bar of California

24 |

25 | Fifth   Cause of Action

14

Defendant State Bar of California   violated U.S. Constitution, ADA, and Section 1983  and under State Law. Haynes is entitled to injuctive relief related to the disability proceedings, including declaratory relief as to the statute regarding the disability claim.

Sixth    Cause of Action

Defendant State Bar of California and city defenants and federal defendants violated  state   anti-trust law related to the Dec 9, 2020 order    Haynes is entitled to injuctive relief and damages

Seventh    Cause of Action

Defendant State Bar of California and city defenants and federal defendants violated    federal anti-trust law related to the Dec 9, 2020 order    Haynes is entitled to injuctive  relief and damages

Eighth Cause of Action

Defendant Geitz and defendant Lipian pursuant to a fraudulent scheme
defrauded the State Bar of California out of money to pay for  false and
misleading expert witness statements and testimony  in a scheme to have
Haynes transfer to inactive.

        A motivation for the defendant Geitz seeking to have  transferred to
inactive and filing the August 24, 2022 motion was   retaliation for Haynes
alleging that the State Bar of California, including the Office of the Chief
Trial Counsel, engaged in misconduct in the prosecution of  the reciprocal
discipline order of Dec 9, 2020 (**State Bar Case No. 16-J-17208)** , as alleged in the
**Nov 18, 2021  Rule 9.20 disciplinary proceeding,** Court Case No. SBC-21-N-
30906.    By filing the August 24, 2022 motion and prosecuting the matter,
any trial in the in the Rule 9.20 disciplinary matter would be delayed and
the evidence at trial of the misconduct would be delayed.

    1)  Defendant Geitz on August 24, 2022  filed a  false and misleading
        motion to for the issuance of a  NSC and a request for an order of
        mental examination in order to obtain money from the State Bar for the
        hearing on the Notice to Show Cause and to file the August 24, 2022
        motion, where the court denied the request for a mental examination.

15

For example, the false information in the August 24, 2022 motion was designed in part to have the court grant an oder for examination whereupon the state bar would pay defendant Lipian to conduct the examination.

2) On Oct 27, 2022 defendant Geitz filed a false and misleading expert disclosure declaration in order to obtain money from the State Bar of California. The declaration provided that defendant Lipian would testify if he had sufficient information to provide an opinion regarding Haynes ablity to practice law. If the information was insufficient, then the expert would testify about what information would aide him in forming an opinion. The State Bar of California on or about Oct 27, 2022 paid defendant Lipian $9,990.00. The expert disclosure declaration was designed for defendants Gietz and Lipian to obtain money for defendant Lipian so that he could obtain additional information in order to testify falsely against Haynes at the hearing on the notice to show cause.

3) On Nov 17, 2022 defendant Lipian prepared a false declaration in order to obtain money from the State Bar of California. The declaration provided that if defendant Lipian had additional medical records of Haynes, then defendant Lipian would have sufficient information to generate an opinion regarding Haynes ablity to practice law. This declaration was false. Defendnat Lipian had sufficient information to generate an opinon but wanted the additional information in order to dispute the neuropsychological testing result which Haynes' neuropsychologists had relied on in determining that Haynes had a mild neurocognitive disorder secondary to headaches or exacerbated by headaches.

4) Defendant Lipian and defendant Geitz conspired for defendant Lipian to committee perjury at the December 2022 hearing on the NSC in order to obtain money from the State Bar of California in order to pay for false testimony of defendant Lipian, including but not limited to 1) that the Nov 17, 2022 declaration did not state that defendant Lipian needed additional information in order to generate an opinon regarding Haynes ability to practice law and 2) that defendant Lipian was not aware of the Oct 24, 2022 letter of Dr. Azulay showing that Haynes had improvement in executive functioning and was no longer having headaches.

In furtherance of the conspiracy to claim that defendant Lipian was unaware of the Oct 24, 2022 letter: , defendant Geitz sent defendant Lipian the Oct 24, 2022 letter on Nov 29, 2022 which she received on Nov 29, 2022; defendant Lipian emailed defendant Geitz regarding the Oct 24, 2022 letter on Nov 29, 2022 and agreed to meet to discuss the case and the letter on Dec 6, 2022; at the conference on Dec 6, 2022 defendants agreed that the Oct 24, 2022 letter harmed defendant Lipian's

16

theory of the case, as the Oct 24, 2022  letter showed improvement in

executive functioning and defendant Lipian's theory of the case was

that there was no improvement in executive functioning since March 2

,2022  and there could be no improvement subject to a miracle ; on Dec

6, 2022  they decided that defendant Geitz would attempt to have the

letter excluded from the hearing;  defendant Gietz filed  a Dec 8, 2022

motion to exclude the Oct 24, 2022 letter; on Dec 9, 2022 defendant

Geitz did not mention the letter in her opening statement ;  when

defendant Giets  ask  defendant LIpian on Dec 13, 2022  if he  was

aware of neuropsycholoical testing after  March 2, 2022 he said he was

aware of the July 28, 2022 testing which showed no improvement in

functioning except in rote recall but did not mention the Oct 24, 2022

testing ;  when the court`asked defendant Lipian on Dec 13, 2022 if he

"received" any additional information regarding the July 28, 2022

limited neuropsychological assessment, defendant Lipian responded  that

that only additional information he was aware of was that as indicated

in the July 28, 2022 letter; at a motion to strike the testimony of Dr.

Lipian for failure to produce emails on Dec 20, 2022 between the

disclosed expert (defendant Lipian) and the retaining attorney (

defendant Geitz) defendant Geitz falsely claimed that such

communications were protected by work product; when on Dec 20, 2022

the court     asked defendant Geitz  as an officer of the court whether

she instructed defendant Lipian as how to testify, she claimed that

that would be wrong and that she did not do so and that if she did, she

did not recall putting any such information in an email, where the

17

claim that she did not instruct the witness was false, including but
not limited to the Oct 24 2022 letter where on Dec 6, 2022 she
instructed him to not mention it in response to her question as to
what testing  after March 2 ,2022  he was aware of and to generally not
mention it ; when asked to produce emails reflecting defendant Lipian's
opinions she included three emails on Dec 6, 2022 but did not include
the emails on Nov 29, 2022; she claimed  on Dec 20, 2022 that defendant
Lipian formed his opinion based on the  expert file sent on Nov 22,
2022 to appointed counsel  where the Oct 24, 2022 letter was first
emailed to defendant Getiz on Nov 29, 2022 and thus the Oct 24, 2022
letter  was not part of the expert file;  she stated that in addition
to the expert file sent on Nov 22, 2022 and trial exhibits sent on Dec
6, 2022,  defenant Geitz sent defendant Lipian no "other physical
files"

   In further of the conspiracy to claim that defendant Lipian did
not mean to say that he needed additional medical documentation in
order to generate an opinion-- and instead he  that meant to say that
he had sufficient documents to generate an opinion-- and that the Nov
17, 2022 was  miswritten,  defendant Geitz  had sought to show that
defendant Lipian needed additional information  and once the court
denied the motion for additional medical records, defendant Gietz and
defendant Lipian had to then claim that the Nov 17, 2022 specicially
designed to let the court know defendant Lipian needed more
information, had to claim that the Nov 17, 2022 was actually miswritten
where defendant Lipian had sufficient information all along:

The August 2022 request for an order of examination was denied on Oct 4, 2022;  the Oct 27, 2022 provided that defendant Lipian would provide an opinion in the  matter    if there was sufficient information and if the information was insufficient defendant Lipian  would provide what additional information would aide the expert; on Oct 27, 2022 the State Bar paid defendant Lipian $9,900; on Oct 27, 2022 defenant Lipian's office states that he needed the documents as soon  as possible to determine if the information was sufficient; the expert provided a Nov 17, 2022 declaration as to what additional information would be sufficient for defendant to generate an opinion;  the Nov 17, 2022 declarations  states that defendant Lipian   needs to know whether there was improvement without headaches on July 28, 2022; it states defendant plans to re-score the neuropsychological testing;   defendant Lipian is not a neuropsychologist and neuropsychological testing material is shared only with  licensed neuropsychologist    ; defendant Geitz filed a Nov 23, 2022 motion stating the information available  to the State Bar was insufficient and defendant Lipian cannot derive an opinion without the additional information; on Nov 28, 2022 before the court indicates that it might conceal the hearing on the NSC if defendant Lipian has no opinion, defendant Geitz argued that defendant Lipian stated he needed the additional documents, defendant Geitz was in the dark as to Haynes' condition and she relies on defendant Lipian; after the court indicated it would cancel  the hearing if defendant Lipian had no opinion, defendant Geitz states defendant Lipian has an

opinion in the case but would have better examples  and be more secure

of his opinion with the additional documents, and defendant Geitz

stated that she  would need no continuance in the case, even if the

court granted the motion to compel documents; on Dec 13, 2022 he states

that his Nov 17, 2022 declaration states  the opposite of needing

additional documents and that the Nov 17, 2022 declaration obviously

means he would need this additional information in a perfect  analysis;

upon further questioning on Dec 13 2022  he claims that the Nov 17,

2022 was miswritten and that he meant to say the    information

available was sufficient to generate an opinon;  he further testified

on Dec 13, 2022 that he was not aware of anything that occurred that

caused him to change his mind; on Dec 14, 2022 defendant; after

defendant Lipian testified, defendant Geitz produced a written response

to discovery that was due upon the time that defendant Geitz disclosed

the State Bar of California's expert witness where the disclosure was

one week late on Oct 27, 2022; including in the discovery, was an

writing by defendant Lipian where he notes that:

> Neurocognitive Disorder may be sub-classified as "Severe," or
>
> "Mild," depending upon the degree of cognitive impairment
>
> reflected in performance on standardized neuropsychological
>
> testing, or its absence, another quantified, objective form of
>
> meaningful and scientifically valid clinical assessment

Thus, a key element of whether there is impairment "mild" or

"severe" (major) is determined by testing or a "meaningful and

scientifically valid clinical assessment" according to defendant

Lipian.  Thus, defendant Lipian needs the testing raw data to re-score

the impairment from mild to something more severe, where since he is

not a licensed neuropsychologist, he cannot typically received such

information and lacks the qualifications to conduct the re-scoring.

Thus, unable to get the additional information, including the raw

data from the testing, in order to dispute the findings of the

neuropsychologists, defendant Lipian then testified that the Nov 17,

2022 was miswritten and he meant to say he had sufficient information

to generate an opinion.

5) Defendant Lipian fasely  testified that he did not mean to say that  he
   needed additional information in order to generate an opinion  and that
   he was not aware of the Oct 24, 2022 letter from Dr. Azulay in order to
   obtain money from the State Bar of California for the payment of his
   fees.
6) Defendant Geitz filed the Nov 23, 2022 motion in order to obtain money
   from the State Bar to pay defendant to review additional medical
   records of Haynes in order to misrepresent those records, where it
   falsely claimed that the medical records were insufficient for
   defendant Lipian to form an opinion.
7) Defendant Geitz claimed on Nov 28, 2022 that defendant Lipian did not
   need additional documents in order to generate an opinion and prosecute
   the case in good faith in order to obtain money to pay defendant Lipian
   for in false testimony at the trial.


8)  Defendant Geitz falsely claimed that the emails between defendant
    Lipian and defendant Geitz were work product, in part, because they
    would show that the defendant Lipian and defendant Geitz purpose in
    reviewing the medical records  was to discredit and conceal and
    misrepresent the medical evidence in the case,
9)  The  factual basis of the opinion of  defendant Lipian  ( there no
    improvement in executive functioning from March 2, 2022 to July 28,
    2022    except in rote recall and no further improvement was possible
    ) was based on fabricated evidence ( defendant Lipian's claimed he was
    not aware of    Dr. Azulay's Oct 24, 2022 letter which showed

improvement in executive functioning), where defendant Lipian claimed he was not aware of the Oct 24, 2022 letter and defendant Geitz claimed he did not rely on the letter in forming his order, as it was not in the expert file.

Defendant Lipian testified on Dec 13, 2022 , however, that  he was

"expected to give the most honest, clear, and scientifically, medically

data-base answer that I possibly can to the questions I was asked."

Thus, he knew that his testimony was false, as he knew there was

improvement in functioning from July 28, 2022  based on Oct 24, 2022

letter from Dr. Azulay.


Further, his opinion that Haynes suffered a severe brain injury, was

based on there being no improvement in executive functioning on July

28, 2022 from March 2, 2022 and no such improvement being possible in

the future.  The  opinion that Haynes had a psychiatric disorder with

symptoms of a thought disorder was based on the severe brain injury,

where  defendant Lipian  identified the symptoms of a thought disorder

in Haynes pleadings.  Thus, the psychiatric opinion is based on the

severe brain injury and a review of Haynes pleadings.


10)     In addition addition to filing the motion on August 24, 2022 , defendant Geitz fraudulent claimed on August 26, 2022  that she was out of the office—and hence unavailable to discuss the factual misrepresentations in the August 24, 2022 motion.

Thus, the August 26, 2022 email directed Haynes to contact her

supervisor, defendant Drew Massey.

Defendant Drew Massey aware of the fraudulent claims in the August 24, 2022 motion, sent in an email on August 26, 2022 and thereafter, that 1) defendant Geitz was out of the office and 2) Haynes could tell the court whatever he wanted to about the motion and 3) there was no meet and confer requirement prior to filing a motion under State Bar Rules of Procedure 5.191.

Once the court had appointed counsel, defendant Geitz returned to the office and thereafter could not address the concerns with Haynes and appointed counsel would be unfamialr with the facts of the case. Thus, on 9-1-9 she emailed Haynes and then apponted counsel and indicated she would communicate with appointed counsel. She advised appointed counsel whould not take the matter off calendar and made no attempt to confer on any of the false claims in the August 24, 2022 motion.

11)     After the Hearing Department transferred Haynes to inactive on Dec 28, 2022

As a result Haynes suffered damages in his business.

Defendant Gietz and Defendant Lipian is liable under RICO, as well as defendant Drew Massey and Peter A. Klivans for money damages. Further, Haynes is entitled to injuctive relief from the State bar of Califorina.

Wherefore

Wherefore

Plaintiff seeks injunctive, general and punitive damages and declaratory relief that the under State Bar Rules of Procedure, 5.190 are unconstitutional and in violation of ADA

1

2   DATED: 10-6-25

3                                        _____

4                                        Gregory M. Haynes

5                                        In Pro per

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CLERK'S INTERPRETER ALERT



RECEIVED
2025 OCT 06 PM05:52
CLERK, US DISTRICT COURT
NO. DIST. OF CA.